# United States Bankruptcy Court
## Southern District of Indiana

In re  David A. Stinnett
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

Case No.  00-70768    Dewey
Chapter    7

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 221,000.00 | | |
| B - Personal Property | YES | 3 | $ 73,529.88 | | |
| C - Property Claimed As Exempt | YES | 2 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $ 1,295,377.70 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 3 | | $ 70,277.52 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 5 | | $ 1,298,365.85 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 6,734.96 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $ 24,899.19 |
| Total Number of sheets in ALL Schedules | | 21 | | | |
| Total Assets | | | $ 294,529.88 | | |
| Total Liabilities | | | | $ 2,664,021.07 | |

DOCUMENT NO.

In re:  David A. Stinnett

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

Case No.  00-70768     Dewey

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| real estate commonly known as 5 Harbor Hill Road, Woodshole, Massachusettes | Fee Simple | | $ 221,000.00 | $1,254,019.27 |
| | Total ➤ | | $ 221,000.00 | |

(Report also on Summary of Schedules.)

**Schedule A - Page  1 of 1**

In re  **David A. Stinnett**                                      Case No.    **00-70768**    **Dewey**
       **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**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | checking account at Fleet Bank, Boston, MA | | 25.00 |
| | | checking account at National City Bank, Evansville, Indiana | | 25.00 |
| | | checking account at Old National Bank, Evansville, Indiana | | 25.00 |
| | | checking account at Permanent Federal Savings Bank, Evansville, Indiana | | 25.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | sofa, four chairs, coffee table, television, radio, two full beds, one king bed, one queen bed, camera, clock, cellular phone | | 550.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | whole life insurance policy through Northwestern Mutual Life | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | 401K Plan through Guardian Life Insurance Company | | 41,766.88 |

In re   **David A. Stinnett**                                  Case No.    **00-70768**     **Dewey**
       **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**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles. | | 1996 Land Rover Range Rover SE, with luggage rack, alum/alloy wheels, and factory theft deterrent system | | 29,613.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |

**Schedule B Page 2 of 3**

In re   **David A. Stinnett**                                                     Case No.   **00-70768**   **Dewey**
      **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**

# SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26. Office equipment, furnishings, and supplies. | | **three modular desk units, nine filing cabinets, four chairs, one couch, three telephones, one facsimile transmission, computer, printer** | | 1,500.00 |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

_____   continuation sheets attached          Total ➤   | **$ 73,529.88**

**(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)**

**Schedule B Page 3 of 3**

In re  **David A. Stinnett**                                          Case No.  **00-70768**    **Dewey**
       **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**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d).  Note:  These exemptions are available only in certain states.

☑ 11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the
                          debtor's domicile has been located for the 180 days immediately preceding the filing of the petition,
                          or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a
                          tenant by the entirety or joint tenant to the extent the interest is exempt from process under
                          applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **1996 Land Rover Range Rover SE, with luggage rack, alum/alloy wheels, and factory theft deterrent system** | I. C.  34-2-28-1(a)(2) | 0.00 | 29,613.00 |
| **401K Plan through Guardian Life Insurance Company** | I. C.  34-2-28-1(a)(6) | 41,766.88 | 41,766.88 |
| **checking account at Fleet Bank, Boston, MA** | I. C.  34-2-28-1(a)(3) | 25.00 | 25.00 |
| **checking account at National City Bank, Evansville, Indiana** | I. C.  34-2-28-1(a)(3) | 25.00 | 25.00 |
| **checking account at Old National Bank, Evansville, Indiana** | I. C.  34-2-28-1(a)(3) | 25.00 | 25.00 |
| **checking account at Permanent Federal Savings Bank, Evansville, Indiana** | I. C.  34-2-28-1(a)(3) | 25.00 | 25.00 |
| **real estate commonly known as 5 Harbor Hill Road, Woodshole, Massachusettes** | I. C.  34-2-28-1(a)(2) | 0.00 | 221,000.00 |
| **sofa, four chairs, coffee table, television, radio, two full beds, one king bed, one queen bed, camera, clock, cellular phone** | I. C.  34-2-28-1(a)(2) | 550.00 | 550.00 |
| **three modular desk units, nine filing cabinets, four chairs, one couch, three telephones, one facsimile transmission, computer, printer** | I. C.  34-2-28-1(a)(2) | 1,500.00 | 1,500.00 |

**Schedule C - Page 1 of 2**

In re   **David A. Stinnett**                                   Case No.   **00-70768      Dewey**
      **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**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **whole life insurance policy through Northwestern Mutual Life** | I. C.  34-2-28-1(a)(2) | 0.00 | 0.00 |

In re: David A. Stinnett

Case No. 00-70768   Dewey

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

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**IRS**<br>**Special Procedures Stop 5013 CHI**<br>**P. O. Box 745**<br>**Chicago, IL  60690** | | | **1995**<br>**Federal Tax Lien**<br>real estate commonly known as 5 Harbor Hill Road, Woodshole, Massachusettes<br><br>**VALUE $221,000.00** | | | | **1,050,000.00** | **1,033,019.27** |
| ACCOUNT NO.   **130030816**<br>**Old National Bank**<br>**P. O. Box 867**<br>**Evansville, IN  47736** | | | **09-96**<br>**Title Lien**<br>1996 Land Rover Range Rover SE, with luggage rack, alum/alloy wheels, and factory theft deterrent system<br>**VALUE $29,613.00** | | | | **21,043.00** | **$0.00** |
| ACCOUNT NO.   **110003995**<br>**Old National Bank**<br>**P. O. Box 867**<br>**Evansville, IN  47736** | | | **06-98**<br>**Cross-Collateralized Signature Loan**<br>1996 Land Rover Range Rover SE, with luggage rack, alum/alloy wheels, and factory theft deterrent system<br>**VALUE $29,613.00** | | | | **4,315.43** | **$0.00** |
| ACCOUNT NO.   **5315 2700 9390 1275**<br>**Old National Bank**<br>**420 Main St.**<br>**Evansville, IN  47708** | | | **06-00**<br>**Cross-Collateralized Signature Loan**<br>1996 Land Rover Range Rover SE, with luggage rack, alum/alloy wheels, and factory theft deterrent system<br>**VALUE $29,613.00** | | | | **16,000.00** | **$11,745.43** |

Schedule D Page 1

Subtotal
(Total of this page)   ➤   | **$1,091,358.43** |

In re: David A. Stinnett

Case No. **00-70768**    **Dewey**

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

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   160258490 **Plymouth Mortgage Services 95 Bedford St. Middleborough, MA  02346** | | | 10-88 **First Mortgage** real estate commonly known as 5 Harbor Hill Road, Woodshole, Massachusettes  **VALUE $221,000.00** | | | | 204,019.27 | $0.00 |

|  | | |
|---|---|---|
| Subtotal (Total of this page) | ⮕ | **$204,019.27** |
| Total | ⮕ | **$1,295,377.70** |

(Report total also on Summary of Schedules)

In re:  **David A. Stinnett**
    **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**

Case No.  **00-70768    Dewey**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☑ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re: .  **David A. Stinnett**

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

Case No.  **00-70768**    **Dewey**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

**Type of Priority:  Alimony, Maintenance, or Support**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Cynthia Burger**<br>**103 W. Jennings**<br>**Newburgh, IN  47630** | | | **05-00 and 06-00**<br>**child support** | | | | 3,380.00 | 3,380.00 |

**Schedule E Page 2**

Subtotal<br>(Total of this page)  ➤  | **$3,380.00** |

In re:  David A. Stinnett

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

Case No.  00-70768   Dewey

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Indiana Dept. of Revenue <br> Collections Division <br> P. O. Box 595 <br> Indianapolis, IN  46206-0595** | | | **1995** <br><br> **state income taxes** | | | | 66,897.52 | 66,897.52 |

| | |
|---|---|
| Subtotal <br> (Total of this page) | $66,897.52 |
| Total | $70,277.52 |

(Report total also on Summary of Schedules)

Schedule E Page 3

In re:  **David A. Stinnett**                                    Case No.   **00-70768**    **Dewey**
        **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**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   97724000017837 <br><br> **American Express Centurion Bank** <br> **6985 Union Park Center** <br> **Midvale, UT  84047** | | | **1972 to 06-13-00** <br><br> **credit card** | | | | 46,061.56 |
| ACCOUNT NO. <br><br> **Ashley Pointe** <br> **410 Fuquay Rd.** <br> **Evansville, IN  47715** <br><br> NOTE:  Debtor will seek to assume this lease. | | | **06-01-00** <br><br> **one year lease for apartment; Debtor is current with all payments** | | | | 0.00 |
| ACCOUNT NO. <br><br> **Cynthia Burger** <br> **103 W. Jennings St.** <br> **Newburgh, IN  47630** | | | **02-00** <br><br> **court ordered in Cause Number 87D02-9501-DR-9** | | | | 8,500.00 |
| ACCOUNT NO.   98-L-10 <br><br> **First National Bank of Sumner** <br> **Sumner, IL  62466** <br><br><br> **James D. Stout** <br> **P. O. Box 8** <br> **Bridgeport, IL  62417** | | | **10-95** <br><br> **signature loan** | | | | 125,000.00 |

Schedule F Page 1

Subtotal
(Total of this page)

**$179,561.56**

In re:  **David A. Stinnett**                                    Case No.  **00-70768**    **Dewey**
     **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**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    **39370** <br><br> **First National Bank of Sumner** <br> **Sumner, IL  62466** <br><br><br> **James D. Stout** <br> **P. O. Box 8** <br> **Bridgeport, IL  62417** | | | 04-97 <br><br> signature loan | | | | 103,320.99 |
| ACCOUNT NO.    **S0164** <br><br> **Gaither Rutherford & Co, LLP** <br> **P. O. Box 3526** <br> **Evansville, IN  47734** | | | 01-98 <br><br> legal services | | | | 18,996.95 |
| ACCOUNT NO.    **82D03-9810-CP-3439** <br><br> **James T. McCarty, Jr. et al** <br> **c/o Charles Berger** <br> **313 Main St.** <br> **Evansville, IN  47708** | | | 10-98 <br><br> deception; breach of contract; fraud; breach of fiduciary duty | | | | unknown |
| ACCOUNT NO. <br><br> **Kahn, Dees, Donovan & Kahn, LLP** <br> **P. O. Box 3646** <br> **Evansville, IN  47735** | | | 02-98 <br><br> legal services | | | | 14,918.75 |
| ACCOUNT NO. <br><br> **Kiefer & McGoff** <br> **8900 Keystone Crossing, Suite 400** <br> **Indianapolis, IN  46240** | | | 01-98 <br><br> legal services | | | | 14,076.37 |

**Schedule F Page 2**

Subtotal
(Total of this page)

$151,313.06

In re:   **David A. Stinnett**                                 Case No.   **00-70768**   **Dewey**
         **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**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **842518**<br><br>**National City Bank**<br>**21 SE Third St.**<br>**Evansville, IN  47708** | | | 05-92<br><br>unsecured loan | | | | 270,311.11 |
| ACCOUNT NO.   **809128**<br><br>**National City Bank**<br>**21 SE Third St.**<br>**Evansville, IN  47708**<br><br><br>**James M. Heinrich, MD**<br>**1101 Professional Blvd.**<br>**Evansville, IN  47714** | | X | 10-98<br><br>signature loan | | | | 35,040.00 |
| ACCOUNT NO.   **5455 3910 0000 8955**<br><br>**National City Bank**<br>**21 SE Third St.**<br>**Evansville, IN  47708** | | | 1978 to 1998<br><br>credit card | | | | 48,721.84 |
| ACCOUNT NO.   **5329 0316 6307 1742**<br><br>**North American Capital**<br>**45 Oak St.**<br>**Buffalo, NY  14203-2697** | | | 1989 to 1998<br><br>credit card | | | | 106,824.68 |
| ACCOUNT NO.<br><br>**Northwestern Mutual Life**<br>**720 E. Wisconsin Ave.**<br>**Milwaukee, WI  53202** | | | 03-95<br><br>living expenses, legal fees, etc. | | | | 200,000.00 |

**Schedule F Page 3**

Subtotal
(Total of this page)        ➤          **$660,897.63**

In re:  **David A. Stinnett**
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

Case No.   **00-70768**    **Dewey**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Patrick Shoulders<br>20 NW First St.<br>Evansville, IN  47708 | | | 02-00<br><br>court ordered attorney fees for Case Number 87D02-9501-DR-9 | | | | 4,000.00 |
| ACCOUNT NO.<br><br>Policyowner Protection Services Inc<br>P. O. Box 724<br>Evansville, IN  47705 | | | 08-99<br><br>legal expenses, living expenses, etc. | | | | 220,450.00 |
| ACCOUNT NO.    1198-743<br><br>Price & Collins, LLP<br>Box 132, Holly Plaza<br>Santa Claus, IN  47579 | | | 12-98<br><br>legal fees | | | | 66,140.02 |
| ACCOUNT NO.    5437 8155 0127 3422<br><br>Providian Bank<br>P. O. Box 371444<br>Pittsburgh, PA  15250 | | | 1995<br><br>credit card | | | | 11,895.98 |
| ACCOUNT NO.    41-001<br><br>S. Anthony Long<br>Attorney at Law<br>P. O. Box 250<br>Boonville, IN  47601 | | | 01-99<br><br>legal services | | | | 4,107.60 |

Schedule F Page 4

Subtotal
(Total of this page)

**$306,593.60**

In re:  **David A. Stinnett**
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

Case No.  **00-70768**    **Dewey**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    **82C01-9512-CP-450** | | | **12-95** | | | | unknown |
| **William Brunton, et al c/o Berger & Berger 313 Main St. Evansville, IN 47708** | | | **class action for breach of contract; deception; fraud; breach of fiduciary duty** | | | | |

*24*

Subtotal
(Total of this page)  ➤  | $0.00

Total  ➤  | $1,298,365.85

Schedule F Page 5

(Report total also on Summary of Schedules)

In re:  **David A. Stinnett**
     **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**

Case No.  **00-70768**    **Dewey**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| **Ashley Pointe**<br>**410 Fuquay Rd.**<br>**Evansville, IN  47715** | one year lease for apartment located at 7926 Coventry Court, Evansville, Vanderburgh County, Indiana  47715 |

In re:  **David A. Stinnett**                                                    Case No.  **00-70768**      **Dewey**
        **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**

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **James M. Heinrich, MD**<br>**1101 Professional Blvd.**<br>**Evansville, IN  47714** | **National City Bank**<br>**21 SE Third St.**<br>**Evansville, IN  47708** |

**Schedule H - Page  1 of 1**

In re  **David A. Stinnett**                                              Case No. **00-70768**   **Dewey**
       **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**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **Separated** | DEPENDENT'S OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age: **50** Spouse's Age: | **NAMES**<br>**David M. Stinnett**<br>**Elizabeth B. Stinnett** | AGE<br>17<br>13 | RELATIONSHIP<br>son<br>daughter |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Life Insurance Sales** | |
| How long employed | **Since 11-94** | |
| Name and Address of Employer | **Guardian Life Ins. Company**<br>**9000 Keystone Crossing**<br>**Suite 500**<br>**Indianapolis, IN 46240** | |

Income: (Estimate of average monthly income)

|  | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 9,350.68 | $ |
|  | $ 0.00 | $ |
| Estimated monthly overtime | | |
| SUBTOTAL | $ 9,350.68 | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 757.76 | $ |
|  | $ 1,227.10 | $ |
| b. Insurance | $ 0.00 | $ |
| c. Union dues | | |
| d. Other (Specify)   **401K Contribution** | $ 579.26 | $ |
| **Repayment to Guardian** | $ 301.60 | $ |
| SUBTOTAL OF PAYROLL DEDUCTION | $ 2,865.72 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 6,484.96 | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ |
| Income from real property | $ 0.00 | $ |
| Interest and dividends | $ 0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for th debtor's use or that of dependents listed above. | $ 0.00 | $ |
| Social security or other government assistance (Specify) | $ 0.00 | $ |
| Pension or retirement income | $ 0.00 | $ |
| Other monthly income (Specify) **Commissions** | $ 250.00 | $ |
| TOTAL MONTHLY INCOME | $ 6,734.96 | $ |

TOTAL COMBINED MONTHLY INCOME                **6,734.96**            (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

   **Income from NML Disabiltiy Claim may cease in the immediate future.**

In re **David A. Stinnett**
**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**

Case No. **00-70768**   **Dewey**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|--:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 598.00 |
| Are real estate taxes included?   Yes _____   No ✓ _____ | | |
| Is property insurance included?   Yes _____   No ✓ _____ | | |
| Utilities  Electricity and heating fuel | $ | 200.00 |
| Water and sewer | $ | 55.00 |
| Telephone | $ | 65.00 |
| Other  Cable Television | $ | 30.00 |
| Cellular Phone | $ | 50.00 |
| Internet Service | $ | 20.00 |
| Home Maintenance (Repairs and upkeep) | $ | 100.00 |
| Food | $ | 300.00 |
| Clothing | $ | 250.00 |
| Laundry and dry cleaning | $ | 100.00 |
| Medical and dental expenses | $ | 150.00 |
| Transportation (not including car payments) | $ | 0.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| Charitable contributions | $ | 500.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or renter's | $ | 0.00 |
| Life | $ | 500.00 |
| Health | $ | 0.00 |
| Auto | $ | 0.00 |
| Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| Installment payments (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 1,235.53 |
| Other  Indiana Dept. of Revenue | $ | 1,000.00 |
| Personal Property Taxes | $ | 90.00 |
| Plymouth Mortgage (real estate in MA) | $ | 2,069.14 |
| Alimony, maintenance or support paid to others | $ | 5,000.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 10,079.02 |
| Other  Children's Activities | $ | 50.00 |
| Cleaning Supplies | $ | 30.00 |
| Gifts | $ | 100.00 |
| Hair Cuts | $ | 50.00 |
| Pet Expenses | $ | 150.00 |
| School Books & Fees | $ | 1,327.50 |
| Toiletries | $ | 100.00 |
| Work Lunches | $ | 600.00 |

David A. Stinnett & Associates
Expense Statement
For the Period Ending April 30, 2000

| General & Administrative Expenses | MO. | | Y-T-D | |
|---|---|---|---|---|
| Rent-Storage | 0.00 | 0.00 | 240.00 | 0.60 |
| Wages – Office | 2,076.96 | 17.83 | 8,827.08 | 21.90 |
| Payroll Tax Expense | 161.38 | 1.39 | 745.24 | 1.85 |
| Payroll Expense - Advantage | 56.85 | 0.49 | 250.80 | 0.62 |
| Property Tax | 0.00 | 0.00 | 0.00 | 0.00 |
| Bond Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| E&O Insurance | 72.66 | 0.62 | 290.64 | 0.72 |
| Auto Insurance | 478.00 | 4.10 | 1,792.00 | 4.45 |
| Auto-Gas, Repair | 838.33 | 7.20 | 3,266.30 | 8.10 |
| Auto License | 0.00 | 0.00 | 0.00 | 0.00 |
| Interest Expense | 315.14 | 2.71 | 1,178.73 | 2.92 |
| Advertising | 29.00 | 0.25 | 111.80 | 0.28 |
| Client Entertainment | 37.15 | 0.32 | 135.94 | 0.34 |
| Travel | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone | 1,108.94 | 9.52 | 3,280.41 | 8.13 |
| Rent | 1,483.44 | 12.74 | 5,933.76 | 14.72 |
| Office Supplies | 74.91 | 0.64 | 1,150.19 | 2.85 |
| Office Expense | 77.31 | 0.66 | 1,173.72 | 2.91 |
| Postage | 57.66 | 0.50 | 409.67 | 1.02 |
| United Parcel Post | 62.95 | 0.54 | 228.45 | 0.57 |
| Dues & License | 750.00 | 6.44 | 1,250.00 | 3.10 |
| Continuing Education | 0.00 | 0.00 | 270.00 | 0.67 |
| Parking & Tolls | 0.00 | 0.00 | 10.00 | 0.02 |
| Security-Sonitrol | 61.95 | 0.54 | 185.85 | 0.46 |
| Personal Property Tax | 0.00 | 0.00 | 0.00 | 0.00 |
| Legal & Accounting | 2,000.00 | 17.17 | 6,550.00 | 16.24 |
| Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 |
| Employee Benefits | 0.00 | 0.00 | 0.00 | 0.00 |
| Subscriptions-books | 0.00 | 0.00 | 70.40 | 0.18 |
| Gifts & Flowers | 0.00 | 0.00 | 551.66 | 1.37 |
| Public Relations | 0.00 | 0.00 | 220.00 | 0.55 |
| Other Professional Services | 1,897.48 | 16.29 | 1,927.48 | 4.78 |
| Bank Charges | 6.74 | 0.05 | 124.79 | 0.31 |
| Equipment Rental | 0.00 | 0.00 | 141.15 | 0.34 |
| Bookkeeping Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Total General & Adm Expenses | 11,646.85 | 100.00 | 40,316.06 | 100.00 |

For Management Purposes Only

In re **David A. Stinnett**                                    Case No. **00-70768**    **Dewey**

**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**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

(Continuation Sheet)

TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)          $          **24,899.19**

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income                                    $  _____

B. Total projected monthly expenses                                  $  _____

C. Excess income (A minus B)                                         $  _____

D. Total amount to be paid into plan each  _____  $  _____

(interval)

In re   **David A. Stinnett**                                                    Case No.  **00-70768**     **Dewey**
       **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**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  **19** sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  _6-19-00_                          Signature _David A. Stinnett_

                                          **David A. Stinnett**

                                          [If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

## UNITED STATES BANKRUPTCY COURT

### Southern District of Indiana

In re:  **David A. Stinnett**
**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**

Case No. **00-70768    Dewey**

Chapter    **7**

## STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 549.73 | Jefferson Pilot | 1998 |
| 2,574.14 | Principal | 1998 |
| 1,196.77 | Unum | 1998 |
| 1,204.25 | SunLife | 1998 |
| 6,203.45 | Horizon Planning | 1998 |
| 145,239.95 | Guardian Life Ins. Co. | 1998 |
| 544.84 | Jefferson Pilot | 1999 |
| 2,786.86 | Principal | 1999 |
| 1,513.04 | Unum | 1999 |
| 9,268.64 | Horizon Planning | 1999 |
| 129,751.84 | Guardian Life Ins. Co. | 1999 |
| 814.24 | SunLife | 1999 |
| 367.88 | SunLife | 2000 YTD |
| 84.36 | Horizon | 2000 YTD |
| 47,644.23 | Guardian Life Ins. Co. | 2000 YTD |
| 252.48 | Jefferson Pilot | 2000 YTD |
| 689.53 | Unum | 2000 YTD |

### 2.  Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 136,800.00 | 1998 NML Disability Claim |
| 136,800.00 | 1999 NML Disability Claim |

| AMOUNT | SOURCE |
|---|---|
| 68,400.00 | 2000 NML Disability Claim |

## 3. Payments to creditors

None
☑

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| David A. Stinnett vs. Northwestern Mutual Life Insurance Co.<br>87D01-9603-CP-22 | Civil Proceeding | Warrick Superior Court State of Indiana | Jdgmnt in favor of David Stinnett |
| Northwestern Mutual Life Insurance Co. and Dennis Tamcsin, Appellants-Defendants vs. David A. Stinnett, Appellee-Plaintiff<br>87A01-9708-CV-278 | Appeal of Civil Judgment | Court of Appeals of Indiana | Dismissed |
| First National Bank of Sumner vs. David A. Stinnett<br>98-L-10 | Civil Claim | Circuit Court of the Second Judicial Circuit Lawrence Co., Illinois | |
| William Brunton, et al vs. Northwestern Mutual Life Insurance Company, Marvin Smith dba Smith General Agency and David Stinnett<br>82C01-9512-CP-450 | Civil Claim | Vanderburgh Circuit Court State of Indiana | Pending |
| James T. McCarty, Jr. et al vs. David Stinnett, et al<br>82D03-9810-CP-3439 | Civil Claim | Vanderburgh Superior Court State of Indiana The Hon J Douglas Knight Presiding | Pending |

None
☐

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Cynthia Burger**<br>**103 W. Jennings**<br>**Newburgh, IN 47630** | | **Debtor's NML Disability Claim is garnished $5,000 per month for spousal maintenance** |

## 5.  Repossessions, foreclosures and returns

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **National City Bank**<br>**Evansville, Indiana** | **04-00** | **foreclosure of real estate known as 7655 Hwy 662, Newburgh, Indiana 47630; sold at Sherriff's Sale** |

## 6.  Assignments and receiverships

None
☐

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| **James M. Heinrich, MD**<br>**1101 Professional Blvd.**<br>**Evansville, IN 47714** | **04-00** | **Debtor gave 13 chandeliers valued at $8,000 to James Heinrich, MD for compensation of his co-signing debt to National City Bank** |

None
☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

**None**
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

**None**
☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

## 10. Other transfers

**None**
☐

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petiton is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Rug Merchant**<br>**Evansville, Indiana**<br>   **None** | **04-00** | **anitque rugs sold for the sum of $48,000** |

## 11. Closed financial accounts

**None**
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

**None**
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

**None**
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

**None**
☑

List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

**None**
☐

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 550 S. Kelsey<br>Evansville, IN 47714 | David A. Stinnett | 04-00 to 06-01-00 |
| 7655 Hwy 662<br>Newburgh, IN 47630 | David A. Stinnett | 1989 to 04-00 |

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date ___6-19-00___

Signature
of Debtor   David A. Stinnett

# UNITED STATES BANKRUPTCY COURT
## Southern District of Indiana

In re: **David A. Stinnett**
**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**

Case No. **00-70768    Dewey**
Chapter **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

    a.  *Property To Be Surrendered.*

Description of Property                         Creditor's Name

        **None**

    b.  *Property To Be Retained.*                   *[Check any applicable statement.]*

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) | Other |
|---|---|---|---|---|---|
| 1. real estate commonly known as 5 Harbor Hill Road, Woodshole, Massachusettes | IRS | | | X | |
| 2. 1996 Land Rover Range Rover SE, with luggage rack, alum/alloy wheels, and factory theft deterrent system | Old National Bank | | | X | |
| 3. 1996 Land Rover Range Rover SE, with luggage rack, alum/alloy wheels, and factory theft deterrent system | Old National Bank | | | X | |
| 4. 1996 Land Rover Range Rover SE, with luggage rack, alum/alloy wheels, and factory theft deterrent system | Old National Bank | | | X | |
| 5. real estate commonly known as 5 Harbor Hill Road, Woodshole, Massachusettes | Plymouth Mortgage Services | | | X | |

Date: _6-19-00_

_David A Stinnett_
Signature of Debtor

# UNITED STATES BANKRUPTCY COURT

## Southern District of Indiana

In re:    **David A. Stinnett**
         **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**

Debtor

Case No.   **00-70768**   **Dewey**
Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for service rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 140.00 per hour |
| Prior to the filing of this statement I have received | $ | 2,500.00 |
| Balance Due | $ | $ unknown |

2. The source of compensation paid to me was:

     ☒ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

     ☒ Debtor          ☐ Other (specify)

4. ☒   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associate of my law firm.

    ☐   I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

    c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d)   [Other provisions as needed]
        **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:
        **None**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _____ 6-15-00

_____
**Douglas W. Patterson**, Bar No. **14625-28**
**Caine, Doll & Patterson, LLC**
Attorney for Debtor(s)

Revised 6/12/97

### PROCEEDING MEMO

**IN RE:**        David A. Stinnett

**CASE NO:**      00-70768-7

**DATE:**         August 16, 2000 at 3:30 pm

**PROCEEDING:**   **HRG RE: MOTION OF USA/IRS FOR RELIEF FROM STAY AND ABANDONMENT (IF OBJ FLD)**

**PLAINTIFF:**
**DEFENDANT:**
**ADV NO:**

**APPEARANCES:**  __DEBTOR      __CO-DEBTOR      __DT PRO SE      __TRUSTEE
__PLAINTIFF __PL PRO SE      __DEFENDANT      __DF PRO SE
__DOUGLAS PATTERSON FOR DEBTOR(S)
__JEFFREY HUNTER FOR USA/IRS
__DENNIS DEWEY - TRUSTEE

**COURT'S FINDINGS:**

| | | | | | |
|---|---|---|---|---|---|
| **PLAN:** | [ ] Confirmed | [ ] Confirmed as Amended | [ ] Denied | | |
| **MOTION:** | [ ] Granted | [ ] Denied | [ ] Withdrawn | [ ] Settled | |
| **OBJ:** | [ ] Sustained | [ ] Overruled | [ ] Withdrawn | [ ] Settled | |
| **REAF:** | [ ] Approved | [ ] Denied | | | |
| **OTHER:** | [ ] Cause Shown | [ ] Converted 7 11 13 | [ ] Moot | | |
| **ADVERSARY:** | [ ] Settled | [ ] Dismissed | [ ] Trial Held: J/P J/D TUA | | |

**CONTINUED TO:** _____ (EV-CST) (EV-CDT) (INDY-EST) (NA-EST) (NA-EDT)

___TC    ___HRG    ___STATUS    ___TRIAL (        )

**ORDER:**        [ ] Signed
[ ] To be submitted by the Trustee w/i 10 days
[ ] To be submitted by_____w/i 10 days
[ ] To be prepared by Court

**DATED:** __8/16/00__

*No obj filed. Hearing not needed. Order previously entered.*

DOCUMENT NO. __31__
no 22

| BANKRUPTCY ADVERSARY PROCEEDING DOCKET | | | | | | | DIST NO. 0756 | OFFICE 3 | DOCKET NO. 00-07039 |
|---|---|---|---|---|---|---|---|---|---|
| FILING DATE MO. DAY YR. | P | N/S | O | R 23 | DEMAND IN $1000 | JUDGE NO. | JURY DEM. | RELATED BANKRUPTCY DOCKET | | |
| | | | | | | | | DIST NO. | OFFICE | DOCKET NO. |
| 08/23/00 | 3 | 454 | 1 | N | 23 | A504 | N | 0756 | 3 | 00-70768 |

### PLAINTIFF(S)

1. LAPLANTE, R. STEPHEN

### DEFENDANT(S)

1. OLD NATIONAL BANK IN EVANSVILLE

2. STINNETT, DAVID A.
   ( Additional Defendant)

3. NORTHWESTERN MUTUALLIFE INSURANCE C
   ( Additional Defendant)

### CAUSE

To recover money or property

### ATTORNEYS

1. R. STEPHEN LAPLANTE
   P.O. BOX 3326
   EVANSVILLE, IN 47732-3326
   (812) 421-1911

1. OLD NATIONAL BANK IN EVANSVILLE (

2. DAVID A. STINNETT ( Pro Se)

3. NORTHWESTERN MUTUALLIFE INSURANCE

| | Filing Fee | Statistical Reports |
|---|---|---|
| __ Check here if proceeding was filed *in forma pauperis* pursuant to 28 U.S.C. Sec. 1915 | __ Paid   X Not Paid | B111A _____ B111B _____ |

DOCUMENT NO._____